IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| LANCE TOLAND,   )<br>    Plaintiff,   )<br>    )<br>v.   )<br>    )<br>    )<br>    )<br>THE PHOENIX INSURANCE   )<br>COMPANY and FICTITOUS PARTIES )<br>"A," AND "B," and those other persons, )<br>entities, or corporations, whose names )<br>are unknown to Plaintiff at this time, )<br>however, will be added by amendment )<br>when ascertained,   )<br>    Defendants.   ) | CIVIL ACTION NO.<br>1:16-cv-04236-WMR |

**PLAINTIFF'S RESPONSE TO**
**DEFENDANT'S MOTION FOR ATTORNEYS FEES AND COSTS**

COMES NOW Plaintiff Lance Toland ("Plaintiff") and hereby files this Response to The Phoenix Insurance Company's ("Defendant's") Motion For Attorneys Fees And Costs (the "Motion"). As a threshold issue, the Motion is premature under the plain language of the statute that Defendant cites, O.C.G.A. § 9-11-68, and should be deferred until resolution of any appeal.[1] If the Court decides to rule on the Motion while the appeal is pending, pursuant to the relevant statute, a hearing must be conducted. As discussed in greater detail below and will be demonstrated at the hearing necessary before a ruling may be rendered,

Defendant is not entitled to its Attorneys Fees And Costs because (i) the offer of judgment is procedurally defective, (ii) the Offer was defective because Defendant fails to delineate with specificity among Plaintiff's claims such as those for punitive damages and was not made in good faith, (iii) the amount of Attorneys Fees And Costs requested are not reasonable; and (iv) the amount of Attorneys Fees And Costs requested are not delineated sufficiently for a reasonable examination. Accordingly, Plaintiff respectfully request that the Motion be denied or stayed until such time as time to appeal expires or is resolved, whichever occurs later.

### I.    The Motion Is Premature.

The Motion is premature under the plain language of the statute. Section 9-11-68(d) states in part that "if an appeal is taken from [the] judgment, the court shall order payment of such attorney's fees and expenses of litigation only upon remittitur affirming such judgment."[2]  *See* O.C.G.A. § 9-11-68(d).   A determination as to whether any party is entitled to attorneys' fees and expenses requires resolution of the appeal and any additional proceedings that may be necessary following the appeal.  *See, e.g., Hall v. 84 Lumber.*, No.CV409-057, 2012 WL 1058875 at *1 (S.D. Ga. Mar. 28, 2012); *Abdalla v. Atlanta Nephrology Ref. Ctr., LLC*, 338 Ga.

---

1   Plaintiff's time to appeal does not expire until after March 13, 2020.  Plaintiff intends to appeal prior to this deadline.

2   Even assuming the relevant statute did not provide that a ruling should not be rendered until such time as an appeal, if any, has been exhausted, this Court has the authority to do so and should do so to preserve both the Court's and parties' resources.  Plaintiff has suggested to Defendant that the parties propose a scheduling order to take up this matter following the result of appeal to preserve those resources.

App. 36, 39 (2016)(explaining that an award under Section 9-11-68 is premature while a related arbitration that might impact the amount recovered was pending).

In *Hall*, the court rejected a motion for attorneys' fees under facts similar to those at issue here. In *Hall*, the defendants moved for attorneys' fees under O.C.G.A. § 9-11-68 before entry of judgment and before the conclusion of the plaintiff's time to appeal. The court dismissed the defendants' motion as premature, finding that "a court may only order payment of fees and expenses after either the judgment has been affirmed on appeal or the time to file an appeal has lapsed." *See id.*; *see also, e.g., Wheatley v. Moe's Southwest Grill, LLC*, 580 F. Supp.2d 1324, 1325 (N.D. Ga. 2008)(reserving ruling on motion for attorney's fees under O.C.G.A. § 9-11-68 until after final disposition of an appeal to the Eleventh Circuit).

## II.  A Hearing Is Required Before The Motion May Be Ruled Upon.

Plaintiff is entitled to a hearing on the Motion. *See, e.g., Showan v. Pressdee*, 922 F.3d 1211, 1227 (11th Cir. 2019)(explaining that a court has "no discretion to decline" a proper hearing request under Section 9-11-68); *Hillman v. Bord*, 347 Ga. App. 651, 658 (2018)(explaining that a party is entitled to hearing on a request for attorneys fees and costs pursuant to Section 9-11-68); *Richardson v. Locklyn*, 339 Ga. App. 457, 462 (2016)(holding that "a hearing is required" for the award of attorneys fees pursuant to O.C.G.A. § 9-11-68). Such a hearing is necessary and requested by Plaintiff so as to examine such thing as whether

Defendant's request for attorneys fees and costs were reasonable and whether the Offer of Judgment was made in good faith.  Accordingly, to the extent that the Motion is not stayed, Plaintiff requests a hearing on the Motion prior to any ruling.

### III. The Motion Is Procedurally Defective And Should Not Be Granted.

To the extent that the Motion is not premature and is not stayed, the Motion should not be granted because the Offer Of Judgment upon which the Motion is based is procedurally defective and the Motion itself fails to properly delineate the attorneys fees as required by law and, thus, too is procedurally defective.   In addition, the amount of attorneys fees requested is not reasonable based on the current record.  Accordingly, to the extent that the Motion is considered and subject to the evidence produced at the hearing necessary, the Motion should be denied.

#### a.     The Offer Of Judgment Is Procedurally Defective.

The Offer Of Judgment upon which the Motion is based is procedurally defective.  *See, e.g.*, *Chadwick v. Brazell*, 331 Ga. App. 373, 376 (2015)(affirming the trial court's declining to award fees and costs pursuant to Section 9-11-68 because the offer did not indicate an amount to punitive damages with specificity).  The Offer Of Judgment here is procedurally defective because it fails to identify "with particularity" the amount proposed to settlement Plaintiff's punitive damages

claim.  Instead, it offers $50,000 as the "Settlement Amount" to "resolve all claims" but later offers "[o]f the Settlement Amount, FIFTY THOUSAND DOLLARS ($50,000) is allocated to settle any claim by the Plaintiff Toland for punitive damages."  *See* Offer Of Judgment, attached as Exhibit A to the Affidavit of Karen K. Karabinos, Exhibit 1.  Because $50,000 cannot be both the amount allocated to resolve all claims *and the specific amount to settle the punitive damages claim*, the Offer Of Judgment fails to identify "with particularity" the amount proposed to settlement Plaintiff's punitive damages claim solely and, thus is procedurally defective.  *See, e.g.*, *Chadwick*, 331 Ga. App. at 376.  The Motion should be denied.  *See id.*

As will be shown in greater detail at the hearing on the Motion, the Offer Of Judgment also is improper because it was not made in good faith.  *See, e.g.*, *Richardson*, 339 Ga. App. at 460-64 (providing factors whereby good faith may be determined).  Among other factors that demonstrate that the Offer Of Judgment was not made in good faith are the facts that (1) the offer did not bear a reasonable relationship to the amount of damages, (2) the offer did not represent a realistic assessment of liability, and (3) the offeror lacked intent to settle the claim.  *See, e.g., id.*  This is because at the time that the Offer Of Judgment was made, Defendant's motion for summary judgment was pending and the amount offered was approximately 5.8% of Plaintiff compensatory damages alone, not accounting

5

for the fact that Plaintiff also possessed claims for attorneys fees and punitive damages as well. In addition, Plaintiff had signaled an unwillingness to consider numbers in the range of the Offer Of Judgment prior to it being made. Thus, Defendant had no genuine intent to settle the matter but to punish Plaintiff. For these reasons and others, the Offer Of Judgment was not in good faith and the Motion should be denied. *See, e.g.*, *Great West Cas. Co. v. Bloomfield*, 313 Ga. App. 180, 182-83 (2011)(affirming the trail court's ruling on the lack of good faith of the offer).

### b. The Motion Fails To Separate As To The Relevant Claims And The Amount Requested Is Unreasonable.

As will be shown in greater detail at the hearing on the Motion, the Motion should be denied because it fails to delineate between non-recoverable claims as required by the statute and fails to provide information sufficient to determine if such amounts claimed are "reasonable." *See, e.g.*, *Canton Plaza, Inc. v. Regions Bank, Inc.*, 325 Ga. App. 361, 362-63 (vacating the trial court award of attorneys fees pursuant to Section 9-11-68 because it did not delineate between claims). The exhibit provided with the Motion fails to provide Plaintiff with information sufficient to determine precisely which claims the work being performed was attributable. For example, Plaintiff possessed a claim for a constructive trust at the time of the Offer Of Judgment but the fee records do not definitively show that

such attorneys fees devoted to this non-tort claim are not being requested; only fees associated with tort claims are permitted under the statute. As such, as submitted, the Motion lacks the proper foundation for the amount of the award requested. *See, e.g.*, *id.*

      **c.**    **Plaintiff Requests Leave To File Additional Adversary Submissions.**

Pursuant to Fed. Rule Civ. Pro. 54 and Local Rule 54, Plaintiff requests leave to file additional adversary submissions, including affidavit evidence, to address these or other issues that may become apparent once Defendant provides the detail required by Local Rule 54.2 and Rule 54(d)(2)(C) of the Federal Rules of Civil Procedure or otherwise supplements its Motion by pleading or hearing. Plaintiff further requests all necessary and attendant discovery as may be permitted with respect to these claims. Based on the current record, it is not possible for Plaintiff to conduct the type of review necessary to determine the reasonableness of Defendant's claim.

## **CONCLUSION**

Based on the above, Toland respectfully suggests that the Court should deny or stay Defendant's Motion until any and all appeal issues have been resolved. In the alternative, Plaintiff respectfully requests that the Motion be denied.

## CERTIFICATE OF FONT SIZE

I certify that this brief has been prepared in Times New Roman font, 14 point, a font that complies with Local Rule 5.1.

Respectfully submitted, this 9th day of March, 2020.

/s Jason H. Coffman
JASON H. COFFMAN
State Bar No. 173119

Law Office Of Jason H. Coffman
3280 Peachtree Road, NE, Ste 700
Atlanta, Georgia 30305
(404) 581-3834 (Phone)
E-mail: jcoffman@jcoffmanlaw.com

Attorneys For Lance Toland

## **CERTIFICATE OF SERVICE**

I hereby certify that I have this day electronically filed the within and foregoing **RESPONSE** with the Clerk of Court using the CM/ECF system which will automatically send email notification of such filing to the following attorney(s) of record:

>Karen K. Karabinos
>Mary Alice Jasperse

This 9th day of January, 2020.

>*/s Jason H. Coffman*
>Jason H. Coffman