IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

LANCE TOLAND,

    Plaintiff,

v.

THE PHOENIX INSURANCE COMPANY,

    Defendant.

CIVIL ACTION FILE
NO. 1:16-cv-04236-WMR

## ORDER

This matter came before the Court for a hearing on Defendant's Motion for Attorney Fees and Costs pursuant to O.C.G.A. § 9-11-68(b)(1). [Doc. 112]. Having considered the arguments of the parties, applicable law, and all appropriate matters of record, the Court hereby GRANTS Defendant's motion.

## I.    FACTUAL BACKGROUND

This suit arose from a dispute between the parties regarding the disbursement of insurance proceeds. [Doc. 1-1]. On or about May 30, 2019, Defendant served upon Plaintiff a written offer to settle the case pursuant to O.C.G.A. § 9-11-68(a). [Doc. 112-3]. Plaintiff did not respond to Defendant's offer to settle, and the offer expired after 30 days pursuant to O.C.G.A. § 9-11-68(c). [Doc. 112-2 at p. 2 ¶ 4].

On February 12, 2020, this Court entered an order granting Defendant's motion for summary judgment as to all of Plaintiff's claims. [Doc. 110]. Defendant now seeks to recover its attorney fees and costs pursuant to O.C.G.A. § 9-11-68(b)(1).

Defendant's counsel has been admitted to practice law for 34 years and is a partner at her law firm. [Doc. 112-2 at p. 1 ¶ 2]. Counsel states that she billed Defendant at the rates of $200 per hour (partner), $190 per hour (associate), and $150 per hour (paralegal). [*Id.* at pp. 2-3 ¶¶ 8-10]. Since the date the offer to settle expired, Defendant claims that it has incurred $105,928.00 in attorney fees and $1,094.00 in costs of litigation. [*Id.* at p. 2 ¶ 6]. In opposition to the motion, Plaintiff argues that the motion is premature and procedurally defective. [Doc. 113 at pp. 1-2].

## II. LEGAL STANDARD

The pertinent Georgia statute, O.C.G.A. § 9-11-68(b)(1) states that

> If a defendant makes an offer of settlement which is rejected by the plaintiff, the defendant shall be entitled to recover reasonable attorney's fees and expenses of litigation incurred by the defendant or on the defendant's behalf from the date of the rejection of the offer of settlement through the entry of judgment if the final judgment is one of no liability or the final judgment obtained by the plaintiff is less than 75 percent of such offer of settlement.

O.C.G.A. § 9-11-68(b)(1).  The statute specifies that to qualify, the settlement offer must be in writing, identify the parties, identify generally the claims being resolved, state the conditions, state the amount offered, state with particularity the amount proposed to settle a claim for punitive damages, if any, state whether the offer includes attorney fees, and include a certificate of service. O.C.G.A. § 9-11-68(a). After thirty days with no response, the offer "shall be deemed rejected." O.C.G.A. § 9-11-68(c). The statute also specifies that "if an appeal is taken from such judgment, the court shall order payment of such attorney's fees and expenses of litigation only upon remittitur affirming such judgment." O.C.G.A. § 9-11-68(d)(1).

### III.  DISCUSSION

The Court finds that the offer contained all the required elements for a valid settlement offer under O.C.G.A. § 9-11-68(a). [*See* Doc. 112-3].  Plaintiff did not respond to the offer of settlement within 30 days, and the offer was deemed to be rejected under the statute on June 29, 2019. [Doc. 112-2 at p. 2 ¶ 4].  Because summary judgment was rendered in the Defendant's favor [Doc. 110], Defendant has no liability for Plaintiff's claims.  Therefore, Defendant should be entitled to award of attorneys and costs pursuant to O.C.G.A. § 9-11-68(b)(1).

Plaintiff argues that the motion is premature because his appeal is pending. [Doc. 113 at 2].  However, the plain text of O.C.G.A. § 9-11-68(d)(1) and federal

court precedent indicate that a motion for attorney fees can still be decided while appeal is pending. *See Earthcam, Inc. v. Oxblue Corp.*, No. 1:11-CV-2278-WSD, 2015 WL 9582146, at *3 (N.D. Ga. Dec. 29, 2015), aff'd, 658 F. App'x 526 (11th Cir. 2016) ("The plain language of the statute bars the Court from ordering payment until its judgment is affirmed. The statute does not preclude OxBlue from filing its Motion and does not preclude the Court from ruling on it before EarthCam's appeal is concluded"). Therefore, the Court concludes that the motion is not premature. Defendant, however, may not seek enforcement of any award of attorney fees and costs until the disposition of the appeal.

Plaintiff argues that the Motion is procedurally defective because the settlement offer failed properly to delineate the settlement amount for punitive damages. However, Plaintiff's argument is without merit. The settlement offer specifically stated that the total settlement amount of $50,000 "is allocated to settle any claim by the Plaintiff Toland for punitive damages" [Doc. 112-3 at p. 4 ¶ 5].

The Plaintiff also argues that the settlement offer was not made in good faith because the offer did not bear a reasonable relationship to the amount of damages sought and did not represent a realistic assessment of liability, and because Defendant lacked the intent to settle. [Doc. 113 at p. 5]. The Court finds these arguments to be without merit. Given the fact that summary judgment was entered

in favor of Defendant on all of Plaintiff's claims, Defendant's offer of $50,000 to settle those claims was not unreasonable. Indeed, it would have constituted a windfall to the Plaintiff had it be accepted.

Lastly, Plaintiff argues that Defendant's motion fails to delineate between recoverable and non-recoverable claims and fails to specify which claims the work being performed was attributable. [Doc. 113 at pp. 6-7]. The Court finds this argument to be without merit. Although Plaintiff's claim for constructive trust is not a tort claim, it is premised on the same allegations that form the basis of the Plaintiff's tort claims, and counsel for the Defendant was required to perform the same tasks to prepare and present its defense as to all of the claims asserted by the Plaintiff. Accordingly, the Court finds that Defendant does not have to separate time associated with the constructive trust claim from the remaining tort claims, as it would have no bearing on the amount of fees awarded. *See Canton Plaza, Inc. v. Regions Bank, Inc.*, 325 Ga. App. 361, 363 (2013) (defendant was not required to segregate the attorney fees and expenses it incurred in defending against the tort claim from the fees and expenses it incurred in defending against a breach of contract claim because the breach of contract claim was premised on the same allegations as the tort claim, and counsel was required to perform the same tasks to prepare and present its defense at trial).

## IV. <u>CONCLUSION</u>

For the foregoing reasons, Defendant's Motion for Attorney Fees and Costs [Doc. 112] is **GRANTED**. Accordingly, **IT IS HEREBY ORDERED** that Defendant Phoenix Insurance Company is awarded attorney fees and expenses in the total amount of $107,022.00. **IT IS FURTHER ORDERED** that enforcement of this award is stayed until Plaintiff's appeal to the Eleventh Circuit is concluded.

**IT IS SO ORDERED**, this 2nd day of June, 2020.

_/s/ William M. Ray, II_
WILLIAM M. RAY, II
UNITED STATES DISTRICT JUDGE