IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| LANCE TOLAND, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) CIVIL ACTION NO.: |
| | ) 1:16-cv- 04236-WMR |
| THE PHOENIX INSURANCE | ) |
| COMPANY, | ) |
| | ) |
| Defendant. | ) |

## DEFENDANT'S MOTION FOR RULE 11 SANCTIONS

COMES NOW The Phoenix Insurance Company ("Phoenix"), Defendant in the above-styled action, and respectfully files this Motion for Rule 11 Sanctions[1], showing the Court as follows:

### I. STATEMENT OF FACTS

This suit arises from an insurance policy dispute between the parties. On October 6, 2016, Plaintiff filed suit against Phoenix claiming that Phoenix failed to

---

[1] Defendant previously filed a Motion for Sanctions with this Court. [Doc. 144]. Defendant withdrew that Motion in order to provide Plaintiff with the opportunity to withdraw his Motion to Remand. [Doc. 150]. After providing Plaintiff with notice and time to respond, the Motion to Remand has not been withdrawn.

recognize his interest as a loss payee in insurance proceeds Phoenix paid its insured Here to Serve, Inc. ("H2S"). [Doc. 1-1].

Shortly before trial in this case, this Court entered an order of judgment granting Phoenix's Motion for Summary Judgment. [Doc. 111]. Plaintiff appealed that order to the Eleventh Circuit Court of Appeals. [Doc. 115]. After the appeal was docketed, the Eleventh Circuit questioned whether it has jurisdiction based on diversity of citizenship. The Eleventh Circuit thus ordered the parties to address whether the jurisdictional allegations in the notice of removal were inadequate, and if so, whether the allegations should be amended on appeal to cure any jurisdictional deficiencies. [Appellate Record, Case No. 20-10999, April 17, 2020].

In response to that order, Phoenix filed a motion for leave to amend its notice of removal to clarify that Phoenix was a Connecticut corporation with its principal place of business in Connecticut. [Appellate Record, Case No. 20-10999, May 1, 2020]. The Eleventh Circuit granted Phoenix's motion and ordered Phoenix to file an amended notice of removal with this Court, which it did on July 2, 2020. [Doc. 137].

Notably, in its order granting Phoenix's motion, the Eleventh Circuit specifically held that jurisdiction was proper, because the lawsuit was:

> "not a 'direct action' against an insurer where Phoenix is deemed to be a citizen of any state in which the insured is a citizen. *See* 28 U.S.C. §

1332(c)(1)(A). Lance Toland's loss payee suit is not against a tortfeasor's liability insurer, as it would be in a direct action, **because Toland alleged that it was the insurer, itself, who caused the injury**. *See Fortson v. St. Paul Fire & Marine Insurance Co.,* 751 F.2d 1157, 1159 (11th Cir. 1985)."

(emphasis supplied) [Appellate Record, Case No. 20-10999, Order July 2, 2020, FN 1]. Despite the Eleventh Circuit's findings, Plaintiff filed a motion to remand with this Court 30 days later providing no reasonable factual or legal basis showing that the Eleventh Circuit erred in its jurisdictional findings. [Doc. 142]. It is this motion upon which Phoenix seeks Rule 11 sanctions. Phoenix further shows that it initially filed a Motion for Sanctions relating to Plaintiff's Motion to Remand on August 21, 2020 [Doc. 144] and subsequently withdrew that Motion in order to allow Plaintiff the opportunity to withdraw the Motion to Remand. Because Plaintiff has failed to withdraw the frivolous Motion for Remand, Phoenix files the following Motion for Sanctions.

## II. ARGUMENT AND CITATION OF AUTHORITY

### A. Rule 11 Sanctions Must Be Awarded as Plaintiff and His Attorney File a Motion to Remand that Has No Reasonable Factual or Legal Basis.

#### 1. *Purpose of Rule 11*

"Rule 11 sanctions are designed to 'discourage dilatory or abusive tactics and help to streamline the litigation process by lessening frivolous claims or defenses.'"

*Didie v. Howes*, 988 F.2d 1097, 1104 (11th Cir. 1993)(*quoting Donaldson v. Clark*, 819 F.2d 1551, 1556 (11th Cir. 1987)(en banc)(*quoting Pin v. Texaco*, 793 F.2d 1448, 1455 (5th Cir. 1986); *United States v. Milam*, 855 F.2d 739, 742 (11th Cir. 1988). Rule 11 sanctions "may be imposed for the purpose of deterrence, compensation and punishment." *Didie v. Howes*, 988 F.2d at 1104 (*quoting Aetna Ins. Co. v. Meeker*, 953 F.2d 1328, 1334 (11th Cir. 1992)).

Rule 11(b) provides that in presenting any document to the court, "whether by signing, filing, submitting, or later advocating," an attorney certifies that he has conducted a reasonable inquiry and that, to the best of his knowledge, information, and belief, the pleading is well grounded in fact, legally tenable, and is not being filed for an improper purpose. Fed. R. Civ. P. 11(b); *Baker v. Alderman*, 158 F.3d 516, 524(11th Cir. 1998). Therefore, Rule 11 sanctions are warranted when an attorney or a claimant exhibits a "deliberate indifference to obvious facts." *Id.* (*quoting Davis v. Carl*, 906 F.2d 533, 537 (11th Cir. 1990)).

Rule 11 motions are tested under an objective standard. Specifically, the test is "reasonableness under the circumstances" and "what was reasonable to believe at the time" the document was submitted to the court. *Baker v. Alderman*, 158 F.3d at 524; *Aetna Insurance Co. v. Meeker*, 953 F.2d at 1331; *United States v. Milam*, 855 F.2d at 743.

The Eleventh Circuit follows a two step-inquiry into Rule 11 motions. First, the Court must assess whether the party's claims are objectively frivolous. Second, the Court must determine whether the person who signed the pleadings should have been aware the claims were frivolous. *Baker v. Alderman*, 158 F.3d at 524; *Jones v. International Riding Helmets, Ltd.,* 49 F.3d 692, 695 (11th Cir. 1995); *Worldwide Primates, Inc.*, 87 F.3d 1252, 1254 (11th Cir. 1996).

Under this scheme, the Eleventh Circuit has found that three types of conduct warrant Rule 11 sanctions. These are as follows: (1) when a party and their attorney files a pleading that has no reasonable factual basis; (2) when a party and their attorney files a pleading based on a legal theory that has no reasonable chance of success and that cannot be advanced as a reasonable argument to change existing law; and (3) when a party and their attorney files a pleading in bad faith or for an improper purpose. *Baker v. Alderman*, 158 F.3d at 524; *Didie v. Howes*, 988 F.2d at 1104; *United States v. Milam*, 855 F.2d at 742.

If, after notice and a reasonable opportunity to respond, the court determines that a pleading, motion or other paper contravenes Rule 11, the court must impose sanctions for a violation. *Didie v. Howes*, 988 F.2d at 1104; *Collins v. Walden*, 834 F.2d 961, 964 (11th Cir. 1987). Both the signing attorney and/or the party represented are subject to appropriate sanctions. Fed. R. Civ. P. 11(c); *Didie v. Howes,* 988 F.2d at 1104; *Collins v. Walden*, 834 F.2d at 966. The sanctions that are

imposed should be sufficient to deter the offenders from engaging in similar conduct in the future and may include, in addition to non-monetary sanctions and penalties, an order directing payment to the moving party of the reasonable attorney's fees and other expenses incurred as a direct result of the violation. Fed. R. Civ. P. 11(c)(2).

On September 15, 2020, counsel for Defendant sent written notice pursuant to Fed. R. Civ. P. 11 to counsel for Plaintiff, requesting that Plaintiff's Motion to Remand be withdrawn within 21 days. This September 15, 2020 notice informed Plaintiff that if the Motion to Remand was not withdrawn, Defendant would file a Motion for Sanctions, which was attached to the September 15, 2020 correspondence. To date, the Motion to Remand has not been withdrawn.

2. *Plaintiff and His Counsel Have Violated Rule 11(b)(2) and (3)*

The motion to remand filed by Plaintiff and his counsel is both legally and factually unwarranted, and therefore, they have violated Rule 11(b)(2) and (3).

As demonstrated above, the Eleventh Circuit correctly held that Plaintiff's loss payee suit against Phoenix is not a lawsuit against a tortfeasor's liability insurer because Toland alleged that Phoenix, not its insured, caused his damages by failing to pay his interest he claimed in property insured under the policy. [Doc. 1-1, ¶s 11, 13 (alleging damages arising from Phoenix for issuing insurance proceed payments to Here to Serve, Inc. without making Plaintiff a payee on payments)]. In his motion to remand, however, Plaintiff and his counsel offer no evidence to contradict the

Eleventh Circuit's finding. Plaintiff merely argues that the Eleventh Circuit misinterpreted the Complaint.

In Plaintiff's Reply Brief in Support of his Motion to Remand [Doc. 149], Plaintiff argues that he *could have* named Here to Serve, Inc. or its owner as a party to the lawsuit, and therefore, this lawsuit is a "direct action" within the meaning of 28 U.S.C. § 1332(c)(1). However, this is not the appropriate inquiry. The 11th Circuit has expressly held that "unless the cause of action against the insurance company is of such a nature that the liability sought to be imposed could be imposed against the insured, the action is not a direct action." *Fortson v. St. Paul Fire and Marine Ins. Co.*, 751 F.2d 1157, 1160 (11th Cir. 1985)(finding that because the plaintiff could not have brought an action against the insured for failure to settle the claim in good faith, the action was not a "direct action" under 28 U.S.C. § 1332(c)(1)).

As the 11th Circuit correctly held in its July 2, 2020 Order in this case, Plaintiff alleged in his Complaint that Phoenix caused certain injuries by its own actions or inactions, not the actions or inactions of Phoenix's insured. [Appellate Record, Case No. 20-10999, Order July 2, 2020, FN 1]. Federal courts have held on many occasions that where a plaintiff seeks to impose liability upon an insurance company for failing to meet its obligations under the insurance contract and not merely as the payor of a judgment based upon the negligence of one of its insureds,

the action is not a "direct action" under 28 U.S.C. § 1332(c)(1). See *Velez v. Crown Life Ins. Co.,* 599 F.2d 471, 473 (1st Cir. 1979); *Rosa v. Allstate Ins. Co.*, 981 F.2d 669, 678 (2nd Cir. 1992); *Beckham v. Safeco Ins. Co. of America*, 691 F.2d 898, 901-02 (9th Cir. 1982). It is of no legal significance that Plaintiff *could have* brought separate claims against Here to Serve, Inc. because the claims Plaintiff may have against Phoenix's insured are separate and distinct to the claims Plaintiff brings against Phoenix in the case at bar.

Any claims Plaintiff may have against Here to Serve, Inc. or its owner would be grounded in separate legal theories from the claims Plaintiff brought against Phoenix in his Complaint. Specifically, Plaintiff's claims against Here to Serve, Inc. would likely allege that Here to Serve, Inc. breached the terms of a promissory note or security agreement. Plaintiff does not allege in his Complaint that Phoenix was a party to any promissory note or security agreement Phoenix may have executed with Here to Serve, Inc. or that Phoenix would be responsible for such a breach. Plaintiff alleges that Phoenix owed it a right as a secured creditor that is separate from any duty (arising out of contract or otherwise) that Here to Serve, Inc. would owe to Plaintiff. Therefore, based on the allegations contained in Plaintiff's Complaint, any rights and duties flowing between Plaintiff and Here to Serve, Inc. would arise separately from any rights and duties flowing between Plaintiff and Phoenix (if any such rights and duties exist). Indeed, Plaintiff makes no allegation of wrongdoing on

the part of Here to Serve, Inc. in the Complaint and further makes no allegation of how Phoenix would be "responsible" for the actions of Here to Serve, Inc. Plaintiff clearly sued Phoenix for Phoenix's failure to meet its obligation to Plaintiff by paying insurance proceeds directly to Here to Serve, Inc. and not to Plaintiff. Nevertheless, Plaintiff and his attorney proceeded with filing their frivolous motion to remand causing Phoenix to incur additional legal fees in responding to the motion. Rule 11 sanctions thus are appropriate in this case.

### III.  CONCLUSION

The record establishes that both Plaintiff and his attorney exhibited a "deliberate indifference to obvious facts" and filed a motion to remand that has no reasonable factual or legal basis. Phoenix thus requests that this Court award Rule 11 sanctions, jointly and severally against Plaintiff and his counsel, in the form of the costs and attorney fees expended by Phoenix in responding to the motion to remand. Upon the Court's grant of the Motion for Sanctions, counsel for Phoenix will provide an affidavit supporting the amount of costs and attorney fees incurred by Phoenix. A proposed order will be emailed to Deputy Clerk Jennifer Lee at jennifer_lee@gand.uscourts.gov.

Respectfully submitted, this 12th day of October, 2020.

DREW ECKL & FARNHAM, LLP

*/s/ Karen K. Karabinos*
Karen K. Karabinos

        Georgia Bar No. 423906

        *Mary Alice Jasperse*
        Mary Alice Jasperse
        Georgia Bar No. 971077

        Counsel for Phoenix

303 Peachtree Street
Suite 3500
Atlanta, GA  30308
Phone: (404) 885-1400
Fax: (404) 876-0992

Counsel for Phoenix certify that this pleading complies with Local Rule 5.1. The type is Times New Roman, 14 point.

# CERTIFICATE OF SERVICE

WE HEREBY CERTIFY that we have this day electronically filed of the **DEFENDANT'S MOTION FOR RULE 11 SANCTIONS** with the Clerk of Court using the CM/ECF system which will automatically send email notification of such filing to the following counsel of record:

Jason H. Coffman
3280 Peachtree Road, NE
Suite 700
Atlanta, GA 30305

This 12th day of October, 2020.

DREW ECKL & FARNHAM, LLP

*/s/ Karen K. Karabinos*
Karen K. Karabinos
Georgia Bar No. 423906

*Mary Alice Jasperse*
Mary Alice Jasperse
Georgia Bar No. 971077

Counsel for Phoenix

303 Peachtree Street
Suite 3500
Atlanta, GA  30308
Phone: (404) 885-1400
Fax: (404) 876-0992